**DAIMLERCHRYSLER INSURANCE COMPANY, as subrogee of Chrysler Financial Co. LLC, Plaintiff–Counter–Defendant–Appellant–Cross–Appellee,**

v.

**John A. PAMBIANCHI, Defendant–Third–Party Plaintiff–Counter–Claimant–Appellee–Cross–Appellant,**

**Chrysler Financial Company, LLC, Third–Party Defendant–Cross–Appellee.**

Nos. 11–1144–cv (Lead), 11–1217–cv (XAP).

United States Court of Appeals, Second Circuit.

May 15, 2012.

David Gordon, Gordon & Haffner, LLP, Harrison, NY, for Plaintiff–Counter–Defendant–Appellant–Cross–Appellee.

Brian J. Wheelin, (Brian E. Moran, on the brief), Robinson & Cole LLP, Stamford, CT, for Defendant–Third–Party Plaintiff–Counter–Claimant–Appellee–Cross–Appellant.

Robert Mizrahi, Buckley & Curtis, P.A., New York, NY, for Third–Party Defendant–Cross–Appellee.

PRESENT: RICHARD C. WESLEY, RAYMOND J. LOHIER JR., CHRISTOPHER F. DRONEY, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant DaimlerChrysler Insurance Company appeals from a decision of the United States District Court for the District of Connecticut (Kravitz, *J.* ), denying Plaintiff–Appellant's request for prejudgment interest. Defendant–Cross–Appellant John Pambianchi cross-appeals from the district court's grant of Plaintiff–Appellant's motion for summary judgment.

We review *de novo* a district court's grant of summary judgment, with the view that "[s]ummary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.2003).

Upon such review, we affirm the district court's grant of summary judgment in

Plaintiff–Appellant's favor for substantially the same reasons set forth in the district court's thorough Memorandum and Order.

We review the district court's denial of Plaintiff–Appellant's request for prejudgment interest for abuse of discretion. *See Blakeslee Arpaia Chapman, Inc. v. EI Constructors, Inc.*, 239 Conn. 708, 734, 687 A.2d 506 (1997). We do not reach the question on which the court based its decision, namely, whether DaimlerChrysler Insurance sufficiently raised the issue of prejudgment interest to permit consideration of whether Pambianchi wrongfully withheld money due to DaimlerChrysler Insurance Company. Instead, we find that the district court's determination that equitable considerations counseled against awarding prejudgment interest was not an abuse of discretion.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**